# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>    Plaintiff,<br><br>    v.<br><br>MCBRIDE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01649-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS<br><br>(Docs. 6, 7)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

**I.** **Findings and Recommendations Following Screening of Amended Complaint**

Plaintiff Robert Trevino ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on October 29, 2008. (Doc. 1.)

On March 17, 2009, the Court issued an order finding that Plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants Roberts and for retaliation in violation of the First Amendment. (Doc. 6.) However, the Court found that Plaintiff's allegations do not give rise to any claims for relief against defendants McBride, Yates, and the director of the CDC. The Court ordered Plaintiff to either file an amended complaint or notify the Court that he wishes to proceed only on his cognizable claims. On April 6, 2009, Plaintiff notified the Court that he does not wish to amend and wishes to proceed only on claims identified by the Court as cognizable. (Doc. 7.) Based on Plaintiff's notice, the instant Findings and Recommendations now issues.

    **A.** **Screening Requirement**

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**B.      Summary of Plaintiff's Complaint**

Plaintiff is currently a state prisoner at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the acts he complains of occurred. Plaintiff names the following defendants: correctional sergeant McBride and correctional officers Cano and Roberts. (Doc. 1, pp. 2:16-3:8.) Plaintiff also lists Yates, warden of PVSP, and the Director of the California Department of Corrections ("CDC") as parties to the complaint. (Id., p. 3:14-19.)

Plaintiff alleges the following. Defendants Cano and Roberts pulled Plaintiff and his former cell mate out of their cell to conduct a search. (Id., p. 4:22-24.) This was the second cell

2

search in a week. (Id., pp. 25-26.) All the personal property that was confiscated was not contraband, and some of the property was legal property pertaining to two active cases. (Id., pp. 4:27-5:3.) Plaintiff confronted defendants Cano and Roberts regarding the confiscation of his property, and demanded a confiscation receipt from defendants Cano and Roberts. (Id., pp.5:23-6:1.)

Two or three days after this incident, Plaintiff confronted defendant McBride and told him that defendant Roberts had placed Plaintiff's property inside the "hot-trash" room. (Id., p. 6:10-16.) Plaintiff requested a return of his items. (Id.) Defendant McBride ignored Plaintiff's request. (Id., p. 6:17-21.) Plaintiff was placed in the hole for things he did not do, and is now up for transfer. (Id., pp. 6:27-7:5.)

Plaintiff seeks injunctive relief, appointment of counsel, and monetary damages. (Id., pp. 11:20-12:2.)

### C. Plaintiff's Claims

#### 1. *Due Process - Property*

Plaintiff alleges that defendants Cano and Roberts deprived Plaintiff of his property without good cause. This implicates the Due Process Clause of the Fourteenth Amendment. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984). California provides such a remedy. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

3

| | |
|---|---|
| 1 | Plaintiff has not alleged sufficient facts for the court to determine whether the deprivation |
| 2 | was authorized or unauthorized.  If Plaintiff is alleging an unauthorized deprivation, Plaintiff will |
| 3 | not be able to state a cognizable due process claim under section 1983.  Further, in the event that |
| 4 | the destruction was authorized and therefore actionable under section 1983, Plaintiff has not |
| 5 | alleged any facts suggesting that he was deprived of due process.  As long as Plaintiff was |
| 6 | provided with process, prison officials may deprive him of his property.  As plead, Plaintiff fails |
| 7 | to state a cognizable due process claim against defendants Cano and Roberts. |

### 2. *Retaliation*

Plaintiff alleges that defendants retaliated against Plaintiff for filing civil lawsuits by depriving Plaintiff of his property.  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

In the prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in

retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (inmate labeled him a snitch and approached by other inmates and threatened with harm as a result); Rizzo v. Dawson, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison).

Based on the pleadings, Plaintiff alleges cognizable retaliation claims against defendants Cano and Roberts.

Plaintiff also makes allegations against defendant McBride, and appears to name Warden Yates and the director of the CDC as defendants. Plaintiff's allegations against these defendants appear to be based on their supervisory roles. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Furthermore, the argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v.

1 McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th
Cir.1996). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955,
1965 (2007) (citations omitted). Plaintiff's allegations against defendants McBride, Yates, and
the director of the CDC amount at most to a respondeat superior theory, which is insufficient to
state a cognizable retaliation claim under section 1983.

**II.     Recommendation**

Plaintiff has stated cognizable claims against defendants Roberts and Cano for retaliation in violation of the First Amendment. Plaintiff does not state a cognizable claim against defendants McBride, Yates, and the director of the CDC. The Court provided Plaintiff with the opportunity to file an amended complaint but Plaintiff opted to proceed on the claims found to be cognizable by the Court. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants Cano and Roberts for retaliation in violation of the First Amendment; and

2. Defendants McBride, Yates, and the director of the CDC be dismissed from this action with prejudice for Plaintiff's failure to state any claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 9, 2009**             /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE