# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO, | CASE NO. 1:08-cv-01649-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED AND ACTION BE DISMISSED WITHOUT PREJUDICE |
| v. | |
| MCBRIDE, et al., | |
| Defendants. | (Doc. 23) |
| / | OBJECTIONS DUE WITHIN 30 DAYS |

**Findings And Recommendations**

**I.    Background**

Plaintiff Robert Trevino ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed October 29, 2008, against Defendants Cano and Roberts for retaliation in violation of the First Amendment. On November 20, 2009, after receiving an extension of time, Defendants Cano and Roberts filed a motion to dismiss pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), for Plaintiff's failure to exhaust administrative remedies. (Doc. 23, Defs.' Mot. To Dismiss.) On December 2, 2009, Plaintiff filed his opposition.[1] (Doc. 24, Pl.'s Opp'n.) Defendants did not file a reply. This matter is

---

[1] Plaintiff was provided with notice of the requirements for opposing a Rule 12(b) motion in the Court's second informational order, issued May 6, 2009. *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003).

1

1  deemed submitted pursuant to Local Rule 230(l).

2  **II.      Summary of Complaint**

3       Defendants Cano and Roberts pulled Plaintiff and his former cell mate out of their cell to
4  conduct a search. (Compl., 4:22-24.) This was the second cell search in a week. (*Id.* at 4:25-
5  26.) All the personal property that was confiscated was not contraband, and some of the property
6  was legal property pertaining to two active cases. (*Id.* at 4:27-5:3.) Plaintiff confronted
7  defendants Cano and Roberts regarding the confiscation of his property, and demanded a
8  confiscation receipt from defendants Cano and Roberts. (*Id.* at 5:23-6:1.) Plaintiff contends that
9  the defendants' deprivation of his property constitutes retaliation against Plaintiff for filing
10 lawsuits. (*Id.* at 8:1-7.) Plaintiff seeks injunctive relief and money damages.[2]

11 **III.     Exhaustion Of Administrative Remedies**

12     **A.      Legal Standard**

13      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
14 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
15 confined in any jail, prison, or other correctional facility until such administrative remedies as are
16 available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available
17 administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S. Ct. 910,
18 918-19 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is
19 required regardless of the relief sought by the prisoner and regardless of the relief offered by the
20 process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819 (2001), and the exhaustion
21 requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516,
22 532, 122 S. Ct. 983 (2002).

23      Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
24 defense under which defendants have the burden of raising and proving the absence of
25 exhaustion. *Jones*, 127 S. Ct. at 921; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).
26 The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to

27

28     [2] Plaintiff's due process claim, and other defendants, were dismissed on June 23, 2009, for failure to state a claim upon which relief may be granted. (Doc. 13.)

2

1 an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d
2 at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th
3 Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative
4 remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*,
5 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative
6 remedies, the proper remedy is dismissal without prejudice. *Id.*

7       **B.**       **Discussion**

8       The California Department of Corrections and Rehabilitation has an administrative
9 grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2010). The process
10 is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved,
11 including the informal level, first formal level, second formal level, and third formal level, also
12 known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen
13 working days of the event being appealed, and the process is initiated by submission of the
14 appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5,
15 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this
16 process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86, 126 S.
17 Ct. 2378 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit
18 of an appeal through the Director's Level of review. What is required to satisfy exhaustion is a
19 fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See*
20 *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to
21 exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir.
22 2005) ("[E]ntirely pointless exhaustion" not required).

23       Here, Defendants contend that Plaintiff failed to exhaust administrative remedies as to
24 Plaintiff's retaliation claim. Defendants concede that the inmate grievance applicable to this
25 incident, PVSP-A-07-2909, was fully exhausted. (Mot. To Dismiss 5:7-16.) However,
26 Defendants contend that the grievance exhausted only a due process claim, which the Court had
27 dismissed. (*Id.* at 5:17-20.) The only claim pending before the Court currently is Plaintiff's
28 retaliation claim. (*Id.* at 5:21-22.) Defendants contend that Plaintiff's grievance does not

provide sufficient notice of retaliatory action being taken because of Plaintiff's protected conduct.

Plaintiff contends in opposition that he had fully exhausted his administrative remedies with the above grievance by appealing to the Director's level prior to filing suit. (Pl.'s Opp'n 2.) Plaintiff's contention fails to address Defendants' contention that Plaintiff has not exhausted a retaliation claim with the above grievance.

A review of Plaintiff's grievance indicates that Defendants' argument is correct. Plaintiff's grievance No. PVSP-A-07-2909, section A, entitled "Describe Problem," reads as follows:

> Today C/O Cano and Roberts entered my cell on 8-27-07 and they did move with unconstitutional intent and disposed of some of my personal property to [wit] bennie cap, Finger nail clippers, playing cards, and especially some legal [work] and magazines I had for weight inside a laundery bag. C/O Cano and Roberts did act with malice and refused to give me a confiscation receipt. Prisoners are generally entitled to due process protections when their property is seized or destroyed by prison officials. I advised C/O Roberts that I was filing a lawsuit and he stated "make sure its not a lot bitch.["]

A plain reading of the above grievance indicates that Plaintiff did not exhaust a retaliation claim.[3] Plaintiff does not demonstrate in his grievance that the deprivation of property occurred in response to Plaintiff filing a lawsuit. "The primary purpose of a grievance is to alert the prison to a problem and facilitate its solution, not to lay groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotations and citations omitted). Here, however, Plaintiff has not sufficiently alerted the prison officials to a problem regarding retaliatory acts by correctional officers Cano and Roberts, as there is no linkage mentioned between previously filed lawsuits and the Defendants' deprivation of his property.[4] Plaintiff's problem as indicated in the

---

[3] "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

[4] Defendants contend that the legal filing mentioned in the grievance referred to a future lawsuit in response to Defendants' actions, which cannot give rise to an alleged adverse action for a retaliation claim. (Mot. To Dismiss 6:4-11.) While Defendants' legal reasoning is correct, it is unclear whether Plaintiff's mention of a lawsuit referred to a future filing or Plaintiff's lawsuit ongoing at the time. This issue is moot, however, because even if Plaintiff referred to Plaintiff's ongoing lawsuit, Plaintiff did not notify prison officials that the Defendants'

1 grievance is his perceived denial of due process, which is not a claim in this action.  Accordingly,
2 Defendants' motion to dismiss for failure to exhaust administrative remedies for a retaliation
3 claim should be granted, and this action dismissed in its entirety.

**IV.     Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1)     Defendants' motion to dismiss for failure to exhaust administrative remedies, filed November 20, 2009, be GRANTED; and

2)      This action be DISMISSED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 20, 2010              /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE

---

deprivation of property was in response to the filing of a lawsuit.

5